# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL GROSSI,**

    **Petitioner,**

v.                                                      **Civil Action No. 5:14cv64**
                                                      **Criminal Action No. 5:09cr41-1**
                                                      **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On May 21, 2014, the *pro se* petitioner filed a Motion to Vacate under 28 U.S.C. §2255. (Dkt.# 68). Because he had not filed his motion on a court-approved form, the Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to do so within twenty-one days. On May 29, 2014, petitioner filed his court-approved form Motion to Vacate.

Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582 on November 6, 2014. As of the date of this Report and Recommendation, that motion was still pending.

This case, which is pending before me for review, and report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Factual History

**A. Petitioner's Conviction and Sentence**

On August 3, 2009, petitioner was named in a three-count Indictment with a forfeiture allegation, charging him in Count One with Conspiracy to Distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§846 and 841(b)(1)(B; in Count Two, with Conspiracy to Distribute and the Distribution of Marijuana, in violation of 21 U.S.C. §§846 and

841(b)(1)(C); and in Count Three, with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).[1]

On October 14, 2009, petitioner signed a written plea agreement, agreeing to plead guilty to Count One (Conspiracy to Distribute 500 grams or more of cocaine hydrochloride) in exchange for the dismissal of the remaining counts.

On October 19, 2009, petitioner entered his plea in open court.[2]

On November 19, 2009, petitioner was sentenced to a 120-month term of imprisonment to be followed by four years of supervised release.[3] Judgment was entered the same day.[4]

**B. Appeal**

The petitioner did not file an appeal.

**C. Federal Habeas Corpus**

In the petition, petitioner asserts that

1) his §2255 motion is timely because of mitigating factors; excusable neglect; modified categorical approach; Alleyne error retroactivity; governmental impediment; and due diligence issues;

2) the government committed reversible error by failing to hand over all Brady, Giles, and Giglio exculpatory and impeachment material evidence within 14 days of petitioner's arraignment;

3) the district court and the government committed reversible "Alleyne, Stirone, In re Winship, O'Brien, Ring, Cunningham, Jones and Apprendi error by failing to present all guideline and statutory enhancement in . . . [petitioner's] indictment, which is a separate element of a crime, by "constructively amending" . . . [petitioner's] indictment [sic][;]" and

4) counsel was ineffective for failing to preserve and object to issues presented in Grounds 1, 2, and 3, and sentencing errors.

---

[1] Dkt.# 2.

[2] Dkt.# 48.

[3] Dkt.# 55.

[4] Dkt.# 57.

For relief, petitioner seeks "a new trial & or a more favorable plea- agreement [sic] with competent Counsel"[5] and/or to have his §2255 motion deemed timely; his counsel deemed ineffective; the government to be directed to hand over al exculpatory evidence; to have counsel appointed; to receive a "meaningful evidentiary hearing;" preclusion of all sentencing enhancements; and to be resentenced to a term of 60 months imprisonment.[6]

### III. Analysis

As an initial point, although *pro se* petitions are to be liberally construed as set forth in Haines v. Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. Id.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[5] Dkt.# 69 at 21.

[6] Dkt.# 74 at 13.

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[3] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511. Here, because petitioner has already addressed the issue of his untimeliness in some detail in his motion, and the grounds he raises in support of his motion to vacate are clearly not newly discovered issues, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner further opportunity to explain the timeliness of his petition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition a notice of appeal of his conviction or sentence, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment of conviction was entered on the record on November 19, 2009. Petitioner never filed a direct appeal; thus, his conviction became final on December 3,

---
[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

2009, when the time for seeking such review expired.[7] See Clay, 537 U.S. at 525. Therefore, under AEDPA, he had until December 3, 2010 to timely file a §2255 motion. The petitioner did not file his petition until May 21, 2014, three years, 5 months, and 18 days after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely under subsection 1.

In his petition and its memorandum in support, petitioner relies on Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013), attempting to make a subsection 3 claim, to render his §2255 motion timely pursuant to 28 U.S.C. §2255(f)(3). The undersigned finds that this subsection does not apply because Alleyne is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to §2255(f)(3), the limitation period for which a petitioner to file their §2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); see also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See e.g., Williams v. United States, No. 5:13-CV- 00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-

---

[7] If a there is no direct appeal, a conviction final 14 days after the Judgment and Commitment Order is entered. (See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)).

147-KKC, 2013 WL 4735583, at *4 (E.D. Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)). Here, even if Alleyne were retroactively applicable on collateral attack, it still would provide no relief to petitioner, because neither the statutory maximum nor the statutory minimum sentences are at issue here. While the applicable guidelines range for petitioner's imprisonment was 188 – 235 months, petitioner's plea agreement contained a binding agreement, limiting his sentence to the 120 months' imprisonment that he received.[8]

Next, petitioner attempts to make a subsection 2 claim that he is entitled to equitable tolling of the one year limitation period, because of the "extraordinary circumstance"[9] created by the government's creation of an impediment to the timely filing of his §2255 motion, in its "intentionally" failing to timely turn over all Brady, Giles, and Giglio exculpatory and impeachment material evidence within 14 days of petitioner's arraignment. Thus, he concludes

---

[8] PreSentence Investigation Report, Dkt.# 56, ¶96 at 20.

[9] Dkt.# 69 at 5 – 6.

that because his plea was made based "on evidence not available to him at the time[,]" it was not knowing or voluntary.[10] Petitioner describes the allegedly withheld material as

> exculpatory & impeachment documents concerning its witnesses: "Rick Martin, Rick Donnell via FBI FD-209's & FBI FD 302's with inserts & DEA 6's & DEA 7's Reports which may have exculpated Grossi from some of the Government's instant case or atleast [sic] generate "Fruit from a poisonuous [sic] tree doctrine," and may also lead to egregious government misconduct[.]
>
> . . .
>
> [petitioner alleges that the evidence would have shown] Grossi actual [sic] innocence, & showing egregious Governmental misconduct, creating & manufacturing its case, witnesses recantations etc, [sic]

Dkt.# 69 at 3 – 4.

Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Sosa, *supra* at 512, *quoting* Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* (quotation marks omitted), *cert. denied,* 541 U.S. 905 (2004). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his §2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Id.

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented a defendant from filing a petition, or extraordinary circumstances beyond the defendant's control made it impossible to timely file the claim. United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012), quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance

---
[10] Dkt.# 69 at 11 – 12.

warrants equitable tolling is made on a case-by-case basis. Holland v. Florida, 560 U.S. 631 (2010).

While it is true that *pro se* petitions are to be liberally construed,[11] principles requiring generous construction of *pro se* complaints have their limits; while district courts are to construe *pro se* complaints liberally, they are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1984). Notice pleading in a habeas petition is not sufficient; a petitioner must state facts to support his claims. Blackledge, 431 U.S. at 75, n. 7. "District judges are not mind readers." Beaudett, 775 F.2d at 1278.

Here, despite petitioner's insistence that the withheld evidence would have shown his actual innocence and governmental misconduct,[12] nowhere does he explain what any of the government witnesses would have testified; which witnesses allegedly recanted their testimony; what that testimony would have been; how it would have exonerated him; what significance the allegedly withheld documents would have had; or how any of the alleged evidence would have helped to exculpate him.[13] Further, in entering his plea, petitioner not only waived his appellate and collateral attack rights,[14] at his Rule 11 hearing, he would also have acknowledged all the rights he was giving up by pleading guilty, notably, the opportunity to have all disputed evidence presented to a jury to determine his innocence or guilt at trial. Moreover, nowhere does he explain what governmental action prevented him from bringing this claim in the nearly five years

---

[11] Haines v. Kerner, 404 U.S. 519 (1972).

[12] Dkt.# 68 at 12.

[13] Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. Nickerson v. Lee, 971 F. 2d at 1136.

[14] Dkt.# 49, ¶11 at 4.

8

from the date of his arraignment until the date he finally filed his motion to vacate, let alone how the government's alleged impediment to the filing of his motion to vacate was finally removed.

Accordingly, it is apparent that the petitioner has not petitioner carried his burden of presenting evidence to prove that he was prevented from timely filing his §2255 petition because of any extraordinary circumstances beyond his control, or external to his own conduct, let alone that the government created any impediment, preventing him from timely filing his petition.

Finally, petitioner attempts to make a subsection 4 claim that he has shown due diligence in bringing this claim. Acknowledging that it is his burden to prove due diligence, he merely claims that he has "shown: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance (Governments failure to hand over all exculpatory & impeachment & Brady, GIles [sic], & Giglio evidence over to Grossi within 14 days of his arraignment), stood in (Grossi's) way."[15] However, again, he provides no facts to support his claim that he diligently pursued this information; how he pursued it; if, when, and how he actually ever obtained it; the date on which the facts supporting his claims could have been discovered; or how he suddenly became aware, nearly five years later, that exculpatory evidence had been withheld, if indeed any such evidence actually exists. Accordingly, petitioner has not met his burden in proving that he diligently pursued the evidence necessary, to consider extending the filing time limits and petitioner's motion to vacate should be dismissed.

## IV. <u>Recommendation</u>

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as untimely and **DISMISSING** the case with prejudice.

---

[15] Dkt.# 69 at 6.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by March16, 2015,** any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 2, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE