IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL GROSSI,

    Petitioner,

v.                                       Civil Action No. 5:14CV64
                                       (Criminal Action No. 5:09CR41-01)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Background

In May 2014, the pro se[1] petitioner filed a motion to vacate under 28 U.S.C. § 2255 ("§ 2255"), wherein he asserts four arguments.[2] First, the petitioner claims that his motion is timely due to mitigating factors, including his due diligence and governmental action, as well as the holding under Alleyne v. United States, 133 S. Ct. 2151 (2013). Second, he believes that the government withheld exculpatory and impeachment evidence before his arraignment. Third, he contends that the government and Court committed reversible error, wherein he names several decisions of the Supreme Court of the United States. Fourth, the petitioner

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] The petitioner pleaded guilty to conspiracy to distribute 500 grams or more of cocaine hydrochloride in November 2009, and received a sentence of 120 months of imprisonment and four years of supervised release. He did not appeal his sentence.

argues he received ineffective assistance of counsel. For relief, the petitioner requests that (1) he receive either a new trial or a more favorable plea agreement, (2) the government provide all exculpatory evidence, (3) he be appointed new counsel, and (4) he be resentenced to a term of 60 months.

United States Magistrate Judge James E. Seibert then entered a report and recommendation. ECF No. 9. In that recommendation, he recommended denying the petitioner's § 2255 motion as untimely and dismissing the case with prejudice. The magistrate judge first found that the petitioner's motion is untimely. The holding in <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004), requires that a court provide a petitioner notice if it intends to <u>sua sponte</u> dismiss a motion based on an affirmative defense the Court raises. The magistrate judge notes, however, that <u>Sosa</u> also stated that "district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." 365 F.3d 507, 511 (4th Cir. 2004). As to the motion at issue, the magistrate judge found that it is clearly untimely. Because his conviction was final on December 3, 2009, the petitioner had until December 3, 2010 to timely file a § 2255 motion. In this case, the petitioner filed his motion almost three and a half years too late. As to the petitioner's claims of timeliness under <u>Alleyne</u>, the magistrate judge found that such an argument lacks merits because <u>Alleyne</u> is not retroactively

2

applicable to cases on collateral review.  As to the petitioner's request for equitable tolling, the magistrate judge determined that the petitioner proffers no evidence about what materials the government did not disclose to him, or what significance those items of evidence would have had.  Finally, the magistrate judge found that the petitioner did not meet his burden regarding his due diligence claim.

The petitioner later filed objections, labeled as a reply. Criminal Action 5:09CR41-01 at ECF No. 80.  In his objections, the petitioner first reasserts his initial arguments.  The petitioner attempts to list some of the evidence that he argues would have been material if he received it.  He does note that if he had effective counsel and received all the allegedly withheld evidence, then he may have sought a trial rather than agree to his plea agreement.  The petitioner also cites to numerous Supreme Court decisions throughout his objection, many of which do not apply.

For the reasons set forth below, the magistrate judge's report and recommendation is adopted.

## II. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

III. Discussion

As indicated earlier, the petitioner's judgment of conviction was entered on November 19, 2009. The petitioner also did not file an appeal of that conviction, meaning his conviction became final on December 3, 2009. The primary issue then is whether the petitioner's § 2255 motion is untimely. The petitioner's arguments relate to reasons why his § 2255 motion should be considered timely, or why equitable tolling should apply. The petitioner also makes arguments as to why his sentence should be vacated or at least modified in both his initial motion and his objections to the report and recommendation. The issue of timeliness and the petitioner's additional arguments are discussed below in the order presented.

A. Timeliness of a § 2255 Motion

A one-year statute of limitations period applies to motions under § 2255. 28 U.S.C. § 2255(f) (2012). That limitation period begins to run from the latest of four dates, which are the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4) (2012). Generally, a petitioner must be given notice before a district court <u>sua sponte</u> dismisses his or her motion based on affirmative defenses that the Court raises. <u>Hill v. Braxton</u>, 227 F.3d 701, 706 (4th Cir. 2002). That notice may be unnecessary, however, "if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." <u>United States v. Sosa</u>, 364 F.3d 507, 511 (4th Cir. 2004) (quoting <u>Hill</u>, 227 F.3d at 707). In this civil action, the petitioner thoroughly addresses the issues of timeliness and asserts numerous explanations as to why his motion is timely. This Court finds that notice is unnecessary because, as explained below, the petitioner's motion is clearly untimely.

As quoted above, subsection one of § 2255(f) provides that the limitation period begins to run from "the date on which the judgment of conviction becomes final." The Supreme Court of the United States held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). The petitioner's judgment of conviction became final on December 3, 2009. That means he had until December 10, 2010 to file his § 2255 motion.

5

The petitioner, however, filed his current motion on May 21, 2014. Clearly, under § 2255(f)(1), the petitioner's motion is untimely.

The same conclusion is reached when applying the petitioner's claims to the remaining subsections of § 2255(f). Subsection two permits a court to essentially equitably toll the limitation period, assuming certain facts exist. Under subsection two, the limitation period runs from the date that a governmental action, which impeded the making of a § 2255 motion, is removed. That also assumes that the petitioner was prevented from making such motion by the governmental action. Regarding the governmental action, the petitioner claims that the government withheld exculpatory and impeachment evidence and thus, he agreed to plea based on evidence that was unavailable at that time. Therefore, the petitioner asserts that his plea agreement was made neither knowingly nor voluntarily. As stated in Sosa, "equitable tolling is available only in 'those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" 364 F.3d at 512 (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). In determining whether equitable tolling should apply, its application should be determined on a case-by-case basis. Holland v. Florida, 560 U.S. 631, 650 (2010) (internal citations omitted).

Here, under subsection two, the petitioner must demonstrate that governmental action impeded him from filing his § 2255 motion. The petitioner, however, fails to do so. It is true that pro se filings are liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Although pro se filings are liberally construed, "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992); see Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991) ("bald assertions and conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing"). Further, "[p]rinciples requiring generous construction of pro se [filings] are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985). In the petitioner's motion and his objections, he consistently asserts that the government withheld key items of exculpatory and impeachment evidence. That evidence, he argues, would have resulted in his innocence. Simply stating what evidence was allegedly withheld, and nothing more, is insufficient to prove that the government impeded him from filing his motion sooner. The petitioner only makes conclusory allegations that the government withheld information from him, but then does not provide what additional witnesses might have said, how their testimony would have disproved the criminal allegations, or what significance the allegedly withheld documents would have had. As the magistrate

7

judge correctly points out, the petitioner only states that the government withheld certain evidence from him, and nothing more. Other than that, the petitioner does not specifically describe what governmental action prevented him from filing his § 2255 motion sooner. Therefore, it is clear that no extraordinary circumstances beyond his control exist, meaning that equitable tolling should not be applied.

As to subsection three of § 2255(f), the petitioner claims in his motion and objections that Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), applies retroactively, and thus makes his motion timely. In Alleyne, the Supreme Court of the United States held the following:

> Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. [internal citation omitted] Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.

133 S. Ct. at 2155. That holding in Alleyne, however, does not apply retroactively. See In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir. 2013). The petitioner also cites to Apprendi v. New Jersey, 530 U.S. 466 (2000), claiming that its holding, like that of Alleyne, is retroactive. In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The holding of Apprendi, however, has not been deemed retroactive, as indicated by the fact that "other rules based on Apprendi do not apply retroactively on collateral review." Simpson, 721 F.3d at 876. Thus, the holdings of Alleyne and Apprendi do not retroactively apply. Notwithstanding that conclusion, the petitioner's reliance on those holdings would still be misguided even if they did retroactively apply. The applicable sentencing guideline range for the petitioner was 188 to 235 months. See Criminal Action No. 5:09CR41-01. However, the petitioner received a sentence of 120 months, thus failing to implicate the holdings of either Alleyne or Apprendi. Therefore, the petitioner's arguments in both his motion and objections about subsection three lack merit.

Regarding subsection four of § 2255(f), the petitioner claims that he has shown due diligence in filing his § 2255 motion. In his motion, he claims that he has proven due diligence by pursuing his rights and that the government's withholding of exculpatory evidence impeded his pursuit of those rights. However, as the magistrate judge correctly points out, the petitioner offers no proof that either demonstrates his due diligence in this civil action or why now he is suddenly aware that exculpatory information was withheld from him. Therefore, the petitioner's motion is clearly untimely.

9

B.  Ineffective Assistance of Counsel

In his motion, but even more so in his objections, the petitioner argues that his counsel was ineffective. He claims that his counsel "pressured him into pleading guilty[,] failed to explain the terms of the plea agreement including the appeal waiver[,] and promised Grossi that he would be sentenced to 5 years [or] less." Criminal Action No. 5:09CR41 at ECF No. 80. Because of that, the petitioner again argues in his objections that he did not knowingly and voluntarily agree to the terms of his plea agreement. The record, however, contradicts the petitioner's allegations.

At his plea hearing, the petitioner stated that his attorney adequately represented him and that the petitioner was guilty. Id. at ECF No. 50. Further, the Court explained to the petitioner that the plea agreement contained a waiver of appellate rights. Id. The record shows that the petitioner has not proffered any proof that satisfies the standard as set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The holding in Strickland requires that the petitioner "demonstrate both that his counsel's performance fell below the standard of objective reasonableness and that the deficient performance was prejudicial to his defense." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citing Strickland, 466 U.S. at 687-88). Other than his conclusory allegations, the petitioner proffers insufficient evidence and

facts that satisfy the above standard. Therefore, the petitioner's claim as to ineffective assistance of counsel also lacks merit.

C. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit

judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion under 28 U.S.C. § 2255 is DENIED. Further, the petitioner's objections are OVERRULED and the case is DISMISSED WITH PREJUDICE.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 10, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE